Victor POZDNIAKOV, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, Respon-dent–Appellee.

Docket No. 03–2039, 03–6022.

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Victor Pozdniakov, Brooklyn, NY, for Petitioner–Appellant.

Steven J. Kim, Esq., U.S. Attorney's Office, Brooklyn, NY, for Respondent–Appellee.

Present: OAKES, POOLER, WESLEY, Circuit Judges.

PER CURIAM.

Appellant, *pro se,* filed two cases, both of which sought the "right to reside" in the United States. Appellant raised the following issues during the course of litigation: whether the district court could (1) review or somehow grant his application for advance parole, pursuant to 8 C.F.R. § 212.5(f); and (2) review his deportability, asylum, and voluntary departure claims, which he alluded to in his papers filed in the district court.

The district court consolidated appellant's cases and construed them as filed under 28 U.S.C. § 2241. Finding that appellant had failed to exhaust his administrative remedies, because it was under the

impression that his advance parole application was still pending before an Immigration Judge, and that his request for judicial review was therefore premature, the district court dismissed his cases without prejudice. Appellant appealed that dismissal.

Before this Court, which also consolidated appellant's cases, appellant raises issues that are similar to those he raised in the court below. The first issue, whether the district court properly dismissed appellant's advance parole claim for failure to exhaust administrative remedies, requires further briefing because the cases discussing exhaustion in an immigration context often do so in the context of a 28 U.S.C. § 2241 challenge to a final order of removal, where exhaustion is statutorily required. In addition, in *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir.2003), this Court noted a general exhaustion requirement. However, that requirement has not been applied in an advance parole scenario, and the statute and regulations governing advance parole do not provide "explicit statutory language" or an administrative scheme offering non-judicial claim resolution to activate the doctrine, as set forth in *Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995). *See also Darby v. Cisneros*, 509 U.S. 137, 153–54, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993). Because the panel could benefit from additional briefing addressing the issue of whether a § 2241 petitioner must first exhaust administrative remedies before bringing a federal court action challenging the denial of advance parole, counsel will be appointed to brief this issue.

■ In addition, the panel would also benefit from counsel's analysis addressing the issue of whether the district court lacked subject matter jurisdiction in the first instance to review appellant's advance parole claim. The determination whether or not to grant parole lies solely within the Attorney General's discretion, pursuant to 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5. However, courts are split as to whether § 1182(a)(2)(B)(ii) bars judicial review of discretionary denials arising in the context of removal proceedings, or whether it bars judicial review of every discretionary denial, including those arising beyond a deportation context. *See CDI Information Servs., Inc. v. Reno*, 278 F.3d 616, 620 (6th Cir.2002) (observing that § 1252 addresses a multitude of jurisdictional issues, and is not limited to discretionary denials made within the context of removal proceedings); *but see Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 691–92 (9th Cir.2003) (approvingly citing district court cases holding that § 1252(a)(2)(B)(ii) should be read only in the context of orders of removal); *Shanti v. Reno*, 36 F.Supp.2d 1151 (D.Minn.1999) (holding that § 1252(a)(2)(B)(ii) did not strip federal court of jurisdiction to review denial of nonimmigrant visa).

Furthermore, it should be noted that the appellant appears to be the spouse of an asylee, and that he might be eligible to receive the same status as his wife under 8 U.S.C. § 1158(b)(3). To the extent that this might render the current proceeding moot, counsel should also explore this issue.

■ Finally, to the extent that appellant's claims, based upon his "right to reside" in the United States, challenge the grounds of his removability, such claims were properly dismissed by the district court based on appellant's failure to exhaust administrative remedies and because his claims were not ripe. *See Theodoropoulos v. INS*, 313 F.3d 732, 737 (2d Cir. 2002); *Mejia–Ruiz v. INS*, 51 F.3d 358, 363 (2d Cir.1995). In addition, because appellant did not challenge the denial of

asylum and voluntary departure on appeal, those arguments are deemed waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

It is hereby ORDERED that counsel be appointed to address: (1) whether a § 2241 petitioner must first exhaust administrative remedies before bringing a federal court action challenging the denial of advance parole; (2) whether 8 U.S.C. § 1252(a)(2)(B)(ii) removes subject matter jurisdiction from the federal courts, obviating review of the Attorney General's decision to deny advance parole; and (3) whether this proceeding is rendered moot by 8 U.S.C. § 1158(b)(3). Once counsel is appointed, a new scheduling order governing briefing shall issue. After the further briefing is completed, the matter shall be scheduled for argument in accordance with this Court's regular calendaring procedures.